**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| MEDICAL ADMINISTRATIVE SERVICES, LLC, and PAUL P. BOCCI,<br><br>    Plaintiffs/Counterclaim Defendants,<br><br>vs.<br><br>JOHN SIGUMURA,<br><br>    Defendant,<br><br>and<br><br>AMERICAN UNITED LIFE INSURANCE COMPANY,<br><br>    Defendant/ Counterclaimant/Third-Party Plaintiff,<br><br>vs.<br><br>ROBERT A. LENTER, PERSONAL REPRESENTATIVE FOR THE ESTATE OF JORDAN BALTER,<br><br>    Third-Party Defendant.<br><br>        Serve:<br>        M. Karl Hawkins<br>        75 W. Lockwood Ave.<br>        Webster Groves, MO  63119 | Case No.  4:15-cv-01289-JCH |

**DEFENDANT AMERICAN UNITED LIFE INSURANCE COMPANY'S
ANSWER TO PLAINTIFF'S COMPLAINT, COUNTERCLAIM AND
THIRD-PARTY COMPLAINT FOR INTERPLEADER RELIEF**

Defendant American United Life Insurance Company ("AUL") answers Plaintiffs' Petition (hereinafter "Complaint") as follows:

24513125v1

1.      As to the allegations contained in Paragraph 1 of Plaintiffs' Complaint, AUL ADMITS, upon information and belief, that Plaintiff Paul Bocci ("Bocci") and decedent Jordan Balter ("Balter") were employees of Plaintiff Medical Administrative Services LLC ("MAS") and otherwise STATES that it lacks sufficient information or knowledge to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 1 and it therefore DENIES the same.

2.      As to the allegations contained in Paragraph 2 of the Complaint, AUL ADMITS, upon information and belief, that a document entitled Operating Agreement for Medical Administrative Services, LLC is attached to the Complaint, but STATES that it lacks sufficient information or knowledge to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 2 and it therefore DENIES the same.

3.      AUL ADMITS, upon information and belief, the allegations contained in Paragraph 3 of the Complaint.

4.      AUL STATES that it lacks sufficient information and knowledge to form a belief as to the truthfulness of the allegations contained in Paragraphs 4 and 5 of the Complaint and it therefore DENIES the same.

5.      As to the allegations contained in Paragraph 6 of the Complaint, AUL STATES that the Operating Agreement speaks for itself and it otherwise DENIES any inconsistent or incomplete characterization or paraphrasing by Plaintiffs.

6.      AUL STATES that it lacks sufficient information and knowledge to form a belief as to the truthfulness of the allegations contained in Paragraphs 7, 8, and 9 of the Complaint and it therefore DENIES the same.

7. AUL STATES, upon information and belief, that MAS worked with its insurance agent Defendant Jon Shigemura (misnamed John Sigumura in the Complaint) to procure insurance to fund MAS' employee welfare benefit plan providing, *inter alia*, certain life insurance benefits to eligible employee participants and their beneficiaries ("the plan"), but AUL otherwise STATES that it lacks sufficient information to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 10 of the Complaint and it therefore DENIES the same.

8. As to the allegations contained in Paragraph 11 of the Complaint, AUL STATES, upon information and belief, that, on MAS established, maintained and sponsored the plan; AUL ADMITS that MAS insured the plan benefits by purchasing group term life insurance policy no. 612955 from AUL, which was issued to MAS as group policyholder, with coverage effective November 15, 2013 ("the Group Policy"); and AUL DENIES all other allegations contained in Paragraph 11.

9. AUL STATES that it lacks sufficient information and knowledge to form a belief as to the truthfulness of the allegations contained in Paragraph 12 of the Complaint and it therefore DENIES the same.

10. As to the allegations contained in Paragraph 13 of the Complaint, AUL ADMITS that it issued the group policy to MAS as group policyholder with coverage effective November 15, 2013 and STATES that it otherwise lacks sufficient information or knowledge to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 13 and therefore DENIES the same.

11. As to the allegations contained in Paragraph 14 of the Complaint, AUL STATES that on or about October 21, 2014, Bocci submitted to AUL a claim for $150,000 in life

24513125v1

insurance benefits following the death of Balter, and then on or about November 24, 2014 Bocci provided a certified death certificate to AUL; and DENIES all other allegations contained in Paragraph 14 of the Complaint.

12. AUL STATES that it lacks sufficient information and knowledge to form a belief as to the truthfulness of the allegations contained in Paragraph 15 of the Complaint and it therefore DENIES the same.

13. As to the allegations contained in Paragraph 16 of the Complaint, AUL STATES that the December 4, 2014 letter mistakenly states that each beneficiary designation was received by AUL on November 14, 2013.  Instead, both beneficiary forms were dated November 14, 2013.  AUL first received by mail the beneficiary designation in favor of the Estate.  AUL later received from Bocci, after Balter's death, the competing beneficiary designation in favor of Bocci.  AUL DENIES any inconsistent or incomplete characterization or paraphrasing by Plaintiffs regarding the December 4, 2014 letter, which speaks for itself.

14. As to the allegations contained in Paragraph 17 of the Complaint, AUL STATES that it was customary for MAS to retain beneficiary designations, but individual participants could mail beneficiary designations directly to AUL; and AUL otherwise STATES that it lacks sufficient information and knowledge to form a belief as to the truthfulness of the allegations contained in Paragraph 17 of the Complaint and it therefore DENIES the same.

15. As to the allegations contained in Paragraph 18 of the Complaint, AUL STATES that the December 14, 2014 correspondence speaks for itself and AUL otherwise DENIES the allegations contained in Paragraph 18.

16. As to the allegations contained in Paragraph 19 of the Complaint, AUL STATES that Plaintiffs' claims against AUL are exclusively governed by The Employee  Retirement

Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.*, ("ERISA").  ERISA completely preempts Plaintiffs' state law negligence claim against AUL.  This Court has subject matter jurisdiction over Plaintiffs' claim against AUL, which seeks to recover benefits under an ERISA plan, and this Court has subject matter jurisdiction over AUL's counterclaim and third-party claim for interpleader relief relating to those same ERISA benefits.  AUL otherwise DENIES the allegations contained in Paragraph 19 of the Complaint.

17.     AUL DENIES the allegations contained in Paragraph 20 and of the Complaint, including all subparts.

18.     AUL STATES that venue is proper in this Court pursuant to 29 U.S.C. § 1132(e) and otherwise DENIES the allegations contained in Paragraph 21 of the Complaint.

19.     AUL STATES that Paragraphs 22-28 of the Complaint, including all subparts, are directed only at Defendant Shigemura and not at AUL and therefore require no response from AUL and AUL therefore DENIES the same; to the extent the allegations are construed to be against AUL, AUL DENIES the same.

20.     In response to Paragraph 29 of the Complaint, AUL incorporates by reference its statements, admissions and denials in response to paragraphs 1-28 of the Complaint.

21.     AUL DENIES the allegations contained in Paragraphs 30, 31, 32 and 33 of the Complaint.

22.     Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

23.     AUL denies each allegation of the Complaint that it has not previously expressly admitted, denied or qualified.

24.     AUL denies that Plaintiffs are entitled to any relief against AUL as required in their prayer for relief, or any other relief against AUL whatsoever.

## AUL'S AFFIRMATIVE DEFENSES

1. Plaintiffs' remedies against AUL, if any, are limited solely to those afforded by the plan and ERISA. ERISA completely preempts Plaintiffs' conflicting state law claim of negligence and Plaintiffs' request for extra-contractual remedies including liquidated, vexatious delay, consequential and punitive damages.

2. There is no right to a jury trial under ERISA.

3. AUL did not abuse its discretion in the handling of Plaintiff Bocci's benefit claim and any judicial review should be conducted under the deferential, arbitrary and capricious standard of review.

4. Plaintiffs' claims are barred by unclean hands, estoppel and latches.

5. AUL is entitled to interpleader relief given the conflicting beneficiary designations and competing benefit claims.

6. MAS lacks standing to claim benefits against AUL because MAS was never a purported beneficiary of the life insurance benefits in dispute.

7. AUL is not vicariously liable for any alleged act or omission of Shigemura.

8. The group policy states that, other than AUL's Chief Executive Officer or Secretary, "[n]o other person has the authority to change the policy or to waive any of its provisions or make any agreement."

9. AUL reserves the right to amend this Answer to assert such other additional defenses as are warranted under the plan and plan documents, and otherwise discovered during the pendency of this lawsuit.

10. AUL has incurred and will incur expenses, costs, and attorney's fees in defending against Plaintiffs' claims and pursuing interpleader relief, and AUL is entitled to recover from

24513125v1

Plaintiffs and/or the interpleader funds its expenses of litigation, costs, and reasonable attorney's fees.  29 U.S.C. § 1132(g).

WHEREFORE, having fully answered the Complaint, AUL prays that that this Court dismiss with prejudice Plaintiffs' Complaint against AUL, grant AUL interpleader relief as requested herein, grant to AUL an award of its expenses and attorney's fees, and grant to AUL all other and further relief the Court deems proper.

### AUL'S COUNTERCLAIM AND THIRD-PARTY COMPLAINT FOR INTERPLEADER RELIEF

Defendant, Counterclaimant and Third-Party Plaintiff AUL, for its Counterclaim and Third-Party Complaint for Interpleader Relief, STATES and ALLEGES as follows:

1. AUL is an Indiana corporation with its principal place of business in Indianapolis, Indiana.

2. Bocci is a resident of the State of Missouri, with a residential and mailing address of 502 Chesapeake Ct., St. Charles, Missouri, 63303.

3. MAS is a Missouri company with its principle place of business in St. Louis, Missouri.

4. Third-Party Defendant Robert A. Lenter, Personal Representative for the Estate of Jordan Balter ("the Estate"), is a resident of the State of Tennessee with a residential and mailing address of 4120 Ridgefield Dr., #502, Nashville, Tennessee.  In his capacity as Personal Representative for the Estate, he has designated a Missouri resident for agent for service of process in Missouri:  M. Karl Hawkins, with a residential and mailing address of 75 W. Lockwood Avenue, Webster Groves, Missouri, 63119.

**JURISDICTION AND VENUE**

5.     This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 because it concerns the interpleader defendants' completing claims to certain life insurance benefits under an employee welfare benefit plan insured by AUL and governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*.  Interpleader is a form of "appropriate equitable relief" available under 29 U.S.C. § 1132(a)(3)(B) and federal jurisdiction is exclusive pursuant to 29 U.S.C. § 1132(e)(1).

5.     Venue is proper in this judicial district pursuant to 29 U.S.C. 1132(e) because one or more of the interpleader defendants resides or may be found herein.

**FACTS**

7.     On or about July 1, 2013, Balter became an employee of MAS.

8.     On or about November 15, 2013, MAS established an employee welfare benefit plan that provided, *inter alia*, certain life insurance benefits to eligible employees, including Balter.  AUL insures the plan benefits under group insurance policy no. 612955 ("the Group Policy").

9.     The Group Policy provides a Basic Life insurance benefit of $50,000 and, in the case of Balter, a Voluntary Life insurance benefit of $100,000.

10.    Balter died on September 22, 2014.

11.    By letter dated October 21, 2014, Bocci submitted to AUL a Proof of Death Claim for Balter.

12.    The Group Policy states proof of death must include a certified death certificate ("Death Certificate").

13. AUL acknowledged the claim and informed Bocci that AUL would need Balter's Death Certificate. Bocci provided the Death Certificate on or about November 24, 2014. According to the Death Certificate, Balter died by suicide caused by acute amitriptyline toxicity.

14. The Group Policy gives AUL discretionary authority to interpret the Group Policy, to resolve questions arising under it, to determine what documents are needed to analyze benefit eligibility, to make benefit eligibility decisions, and to resolve all matters when a claim review is requested. The Group Policy gives AUL the right to require that any beneficiary designation be acceptable to it, and AUL's benefit decisions are conclusive and binding on all parties.

15. AUL first received by mail, before Balter's death, a beneficiary designation dated November 14, 2013 wherein Balter designated the "Estate of Jordan Balter" as his primary and sole beneficiary for the life insurance benefits under the Group Policy. After Balter's death, AUL received from Bocci a second, different beneficiary designation, also dated November 14, 2013, wherein Balter designated Bocci, "Business Partner and Friend," as his primary and sole beneficiary under the Group Policy. Balter's signature appears similar on both forms.

16. On or about December 4, 2014, AUL informed Bocci and the Estate that it could not determine the proper beneficiary or payee of the benefits because of the conflicting beneficiary designations, which were both dated November 14, 2013. AUL advised the parties that it would interplead the benefits absent their agreement as to the proper payee. AUL informed the parties of their right to appeal this adverse benefit determination within 60 days per the Group Policy terms and ERISA, but neither claimant appealed.

19. On or about December 24, 2014, Bocci told AUL that he and the Estate were trying to reach a settlement regarding the benefits.

20. AUL followed up with Bocci regarding status of settlement in January, February and March 2015, and Bocci indicated that discussions were ongoing, but settlement never materialized.

21. On or about March 30, 2015, Vera Balter ("Ms. Balter"), mother of Balter and an heir of the Estate, indicated by a phone call to AUL that she intended to hire an attorney because Bocci had stolen money and insurance and committed forgery. AUL asked Ms. Balter to provide a written statement regarding her intent to assert a claim for benefits under the Group Policy or to otherwise update AUL on the status of the parties' settlement negotiations, but Ms. Balter did not respond.

22. In this lawsuit, both Bocci and MAS assert entitlement to the life insurance benefits.

23. The conflicting beneficiary designations and competing claims of the interpleader defendants create doubt as to which party is entitled to benefits under the Group Policy.

24. AUL acknowledges that the Group Policy life insurance benefits are payable as a result of the death of Balter upon proof of the proper beneficiary and expressly disavows any interest in those benefits. AUL will promptly file a Motion to Deposit Interpleader Funds so that it may deposit with the Clerk of the United States District Court for the Eastern District of Missouri the full amount of life benefits totaling $150,000.00, along with applicable interest. AUL will also move the Court for an order directing the Clerk to deposit those funds in an interest-bearing account pending resolution and/or adjudication of the claims of the interpleader defendants.

24513125v1

## INTERPLEADER AGAINST BOCCI, MAS AND THE ESTATE

25. AUL incorporates by reference the allegations of Paragraphs 1-24 above as if they were set out at length herein.

26. The conflicting beneficiary designation forms and competing claims of the interpleader defendants Bocci, MAS and the Estate expose AUL to the threat of double or multiple liability.

27. Bocci, MAS and the Estate should be compelled to interplead their respective claims, and following deposit of the interpleader funds, AUL should be discharged by the Court without further obligation to pay any benefits to anyone under the Group Policy as a result of the death of Balter, and should be dismissed from this case with prejudice.

WHEREFORE, AUL prays for the following:

1. Bocci, MAS and the Estate be required to interplead and settle between themselves their respective rights to the life insurance benefits payable under the Group Policy by virtue of Balter's death.

2. Bocci, MAS and the Estate be restrained, pursuant to 28 U.S.C. § 2361, from instituting or further prosecuting any other proceeding in any court affecting the rights and obligations as between the parties to this interpleader action until further order of the Court.

3. AUL be granted permission to deposit with the Clerk of the Court the amount of $150,000.00, representing the basic and voluntary life insurance benefits at issue in this case, along with applicable interest.

4. The Clerk be directed, upon tender by AUL of the life insurance benefits of $150,000.00, along with applicable interest, to deposit that sum in an interest-bearing account pending resolution of the claims of Bocci, MAS and the Estate to the benefit proceeds.

5. AUL be discharged from any further liability under the Group Policy, be dismissed with prejudice from this matter, and be allowed to recover costs and expenses incurred in bringing this action, together with reasonable attorneys' fees pursuant to 29 U.S.C. § 1132(g) and federal common law.

6. AUL be awarded and any and all other relief the Court deems proper.

LATHROP & GAGE LLP

By: /s/ *Robyn L. Anderson*
Robyn L. Anderson  (48495)
S. Russell Headrick (Pro Hac Vice Pending)
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri  64108-2618
Telephone:   (816) 292-2000
Telecopier:   (816) 292-2001
randerson@lathropgage.com
rheadrick@lathropgage.com

ATTORNEYS FOR AMERICAN UNITED LIFE INSURANCE COMPANY

24513125v1

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of August, 2015, I electronically filed the foregoing with the clerk of the court by using the CM/ECF and further certify that I mailed the foregoing document and the notice of electronic filing by first-class United States mail, postage prepaid, to the following:

Haig G. Apoian
APOIAN LAW GROUP, LLC
16216 Baxter Road, Suite 350
Chesterfield, MO  63017
Email: apoianlaw@charter.net
ATTORNEY FOR PLAINTIFFS

Jason A. Kempf
BRYAN CAVE LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO  63102-2750
Email: jason.kempf@bryancave.com
ATTORNEY FOR DEFENDANT JON SHIGEMURA

/s/ *Robyn L. Anderson*
An Attorney for
American United Life Insurance Company

24513125v1