# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MEDICAL ADMINISTRATIVE SERVICES, LLC and PAUL P. BOCCI, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) )  Case No. 4:15-cv-01289-JCH |
| AMERICAN UNITED LIFE INSURANCE COMPANY and JOHN SIGUMURA | ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs Paul P. Bocci's and Medical Administrative Services, LLC's ("MAS") Motion and Brief in Support of Remand, filed September 16, 2015. (ECF No. 13.) The Motion has been briefed and is ready for disposition.

## BACKGROUND

On May 12, 2015, Plaintiffs filed suit in the Circuit Court of St. Louis County against Defendants John Shigemura[1] and American United Life Insurance Company ("AUL"), asserting claims of negligence under Missouri law. (Complaint, ECF No. 1.4.) In their Complaint, Plaintiffs allege the following facts.

In December 2012, Bocci and his business associate Jordan Balter, who is now deceased, created MAS. As part of Bocci's and Mr. Balter's business agreement, Mr. Balter was required to obtain a life insurance policy that designated MAS or Bocci as the beneficiary, so that MAS could continue operations in the event of Mr. Balter's death. From October through mid-

---

[1] In the Complaint, Plaintiffs incorrectly name Shigemura as "John Sigumura."

November 2013, Bocci consulted with Shigemura, a Missouri insurance broker and AUL's agent, regarding the purchase of life insurance for Mr. Balter. During their consultations, Bocci informed Shigemura of Bocci's and Mr. Balter's business agreement, and of MAS's reasons for procuring insurance. In November 2013, MAS, as the group policy holder, purchased a life insurance policy from AUL through Shigemura. On September 22, 2014, following the death of Mr. Balter, Bocci filed a claim under the policy to collect $150,000 in plan benefits. On December 4, 2014, AUL informed Bocci that on November 14, 2013, it had received two beneficiary designations for Mr. Balter: one which designated Bocci as his primary beneficiary, and another that designated the Estate of Mr. Balter as his primary beneficiary (hereinafter, the "Estate Designation"). Prior to AUL's notification, Bocci was unaware that the Estate Designation existed. AUL subsequently informed Bocci that unless he and the Estate reached an accommodation, AUL would file a federal interpleader. *Id.* ¶¶ 1-18, 24.

Plaintiffs contend that Shigemura prepared the Estate Designation, and that he acted negligently in doing so, as he knew or should have known that it was contrary to Bocci and Mr. Balter's business agreement and would cause MAS financial harm. *Id.* ¶¶ 25-28. Plaintiffs further contend that AUL is responsible for Shigemura's negligent acts under a theory of agency liability, and that AUL also acted negligently in failing to notify Plaintiffs of the conflicting beneficiary designations. *Id.* ¶¶ 30-33. For relief, Plaintiffs seek "immediate payment to [Bocci] of the policy proceeds in the amount of $150,000.00, as and for liquidated damages"; "additional damages for vexatious delay"; pre-judgment and post-judgment interest; "consequential damages resulting from the vexatious delay of paying policy proceeds"; punitive damages; and attorney's fees and costs. *Id.* at 14-15.

On August 20, 2015, AUL removed the action to federal court on the basis of federal question jurisdiction. AUL asserts that Plaintiffs' "attempt to recover benefits under the group policy is a claim for benefits that is exclusively governed and completely preempted by" the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and that Plaintiffs have attempted to "circumvent ERISA by couching their claim as one of negligence." (Notice of Removal, ECF No. 1 at 2.) Shigemura has consented to removal. (ECF No. 15.)

On September 16, 2015, Plaintiffs moved to remand the matter to state court. (ECF No. 13.) Plaintiffs argue that their Complaint alleges a "pure negligence action," which has "an insufficient connection to any employee benefit plan," and that their request for relief "does not nullify or affect the ERISA regulatory scheme." *Id.* at 4-5. As relevant, Plaintiffs allege in their Motion that AUL did not follow the "AUL policy" requirements regarding beneficiary designation changes. *Id.* at 3. In response, Defendants assert that Plaintiffs' "arguments are belied by their pleadings," and that, because Plaintiffs "seek payment of plan benefits" and "rely on plan terms to argue that AUL failed to follow proper plan procedures," ERISA completely preempts their claims. (ECF No. 14 at 2.) The parties do not dispute that the insurance policy at issue is an ERISA-governed plan.

## DISCUSSION

Defendants, as the parties seeking removal and opposing remand, bear the burden of establishing federal subject matter jurisdiction. *See In re Business Men's Assur. Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993) (per curiam). "[F]ederal question jurisdiction extends only to civil actions arising under the Constitution, laws, or treaties of the United States." *McLain v. Andersen Corp.*, 567 F.3d 956, 963 (8th Cir. 2009) (quotations and citation omitted). "Removal based on federal question jurisdiction is governed by the well pleaded complaint rule:

jurisdiction is established only if a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* (quotation and citation omitted). There is an exception, however, to the well-pleaded complaint rule. *Id.* at 964. "When a federal statute wholly displaces the state-law cause of action through complete pre-emption, the state claim can be removed." *Id.* (quoting *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207-08 (2004)). "Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987).

Congress enacted ERISA to protect "the interests of participants in employee benefit plans and their beneficiaries," and to provide "for appropriate remedies, sanctions, and ready access to the Federal Courts." *Davila*, 542 U.S. at 208 (quotations and citations omitted). ERISA comprehensively regulates employee benefit plans, and it includes expansive preemption provisions, which were intended to ensure that employee benefit plan regulation would be "exclusively a federal concern." *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 523 (1981). "There are two types of ERISA preemption: complete preemption under ERISA § 502, 29 U.S.C. § 1132, and express preemption under ERISA § 514, 29 U.S.C. § 1144." *Prudential Ins. Co. of Am. v. Nat. Park Med. Ctr., Inc.*, 413 F.3d 897, 907 (8th Cir. 2005) (quotations and citation omitted).

Complete preemption exists when a cause of action arises under the "civil enforcement" provision of ERISA, which provides in pertinent part:

A civil action may be brought—

(1) by a participant or beneficiary—
…

> (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan…

29 U.S.C. § 1132(a)(1)(B). "[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore preempted." *Davila*, 542 U.S. at 208-09. In other words, "any claim filed by a plan participant for the same relief provided under ERISA's civil enforcement provision, even a claim purportedly raising only a state-law cause of action, arises under federal law and is removable to federal court." *Prudential Ins. Co.*, 413 F.3d at 907. Thus, "[i]f an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B)." *Davila*, 542 U.S. at 210.

Here, the Court concludes that ERISA preempts Plaintiffs' negligence claims. Although Plaintiffs' Complaint, on its face, does not arise under ERISA, the essence of Plaintiffs' claims is that Defendants failed to properly administer an ERISA-regulated plan. In addition, Plaintiffs seek "immediate payment" of the benefit proceeds under the plan, and damages related to AUL's alleged delay in payment. *See Fink v. Dakotacare*, 324 F.3d 685, 689 (8th Cir. 2003) ("state law causes of action are completely preempted by ERISA when they arise from the administration of benefits") (quotation and citations omitted); *cf. Ibson v. United Healthcare Servs., Inc.*, 776 F.3d 941, 945-46 (8th Cir. 2014) (where plaintiff asserted, inter alia, negligence claim and argued that "state-law claims concern[ed] [provider's] improper cancellation of her insurance policy," court held that plaintiff's argument "ignore[d] the essence of her claim—that [the provider] should have paid medical benefits under the ERISA-regulated plan and failed to do so—a claim that

could be brought under ERISA"). Furthermore, Plaintiffs would not have a claim against either Defendant but for the existence of the ERISA plan, and they do not attempt to remedy any violation of a legal duty independent of ERISA. *See Davila*, 542 U.S. at 214.

Therefore, Plaintiffs' state-law claims, which could have been brought under ERISA § 502, provide Plaintiffs with a "separate vehicle" to assert a claim for benefits "outside of, or in addition to, ERISA's remedial scheme," and are thus preempted. *Prudential Ins. Co.*, 413 F.3d at 914.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion and Brief in Support of Remand (ECF No. 13) is **DENIED**.


Dated this 29th day of October, 2015.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE